UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL ANTHONY NORTON, | ) |
| Plaintiff | ) ) ) ) |
| v. | ) No. 1:22-cv-00274-NT |
| JOSEPH ROBINETTE BIDEN, JR., | ) ) ) ) ) |
| Defendant | ) |

### RECOMMENDED DECISION AFTER PRELIMINARY REVIEW

Having granted Michael Anthony Norton's application to proceed *in forma pauperis*, *see* Order (ECF No. 4), his complaint is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B). For the following reasons, I recommend that the Court dismiss Norton's complaint.

### I. Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to federal courts for persons unable to pay the costs of bringing an action. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). When a party proceeds *in forma pauperis*, however, a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals under section 1915 are often made on the court's own initiative "prior to the issuance of process, so as to

spare prospective defendants the inconvenience and expense of answering" meritless complaints. *Neitzke*, 490 U.S. at 324.

When considering whether a complaint states a claim for which relief may be granted, the court must accept the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An unrepresented plaintiff's complaint must be read liberally in this regard, *see Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002), but must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest, *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020).

## II. Allegations

In a largely incomprehensible complaint, Norton details the difficulties that he allegedly faced while attempting to establish an educational business that offers a course teaching that magnetism, rather than gravity, controls the tides of this planet. *See* Complaint (ECF No. 1) at 1-2. Norton blames a variety of people for his business's failure, including a news anchor, a taxpayer advocate, several Bangor Police Department officers, a state court judge, Governor Janet Mills, and Representative Jared Golden. *Id.* at 1-3. According to Norton, these people conspired to prevent his success by stealing from him, manipulating his identity, obtaining protection orders

against him, arresting and imprisoning him, and subjecting him to excessive force. *Id.* Nonetheless, Norton names only President Joseph R. Biden as a defendant and asks the Court to order President Biden to pay him $128,000,000 for lost business opportunities, "threats and identity obstruction," and, possibly, a violation of his First Amendment Rights.[1]  *Id.* at 3.

### III. Discussion

As an initial matter, Norton's allegations are fantastic and delusional. *See, e.g., id.* at 1 ("Plaintiff can show proof that gravity, as it is taught conventionally, is not a causal factor for the tides and that magnetism, in fact, is . . . ."); *id.* at 2 ("The Protection Order arrived on the same day the Plaintiff left a message with Rep. Golden's Bangor Office asking for 1) a phone number for [movie actress] Amber Heard (*Depp v. Heard*, 2022, Fairfax County, VA) and 2) a phone number for an I.R.S. Advocate.  The Plaintiff holds a degree in Cinema and in Public Administration."); *id.* at 3 ("The 72 hours in jail prior to an arraignment on August 29th, 2022 during which the Plaintiff pleaded out Guilty to charges of Assault and Theft were administered more like an insane asylum by a real-world band of Marines in a *Full Metal Jacket* movie, who seem to be intent on 'assassinating' the Plaintiff one way or another, over and over again.").  This alone warrants the dismissal of his complaint. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (noting that dismissal "is

---

[1] Even if Norton had named the other individuals referenced in his complaint as defendants, his allegations against them are too disjointed and vague to provide fair notice of his claims.  *See Byrne*, 2020 WL 1317731, at *5.

3

appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

Even setting issues of irrationality aside, however, Norton's complaint fails to state a claim because he does not plead any factual connection between his alleged harm and President Biden. *See Twombly*, 550 U.S. at 557 (holding that a complaint does not state a claim when it offers only bare assertions devoid of any "further factual enhancement"). Moreover, President Biden is immune from suits for damages. *See Nixon v. Fitzgerald*, 457 U.S. 731, 749, 755 (1982) (holding that the President of the United States is "entitled to absolute immunity from damages liability" for both official acts and acts in the "'outer perimeter' of . . . official responsibility").

Finally, because this is not Norton's first time filing a deficient complaint, *see Norton v. Univ. of Me.-Orono Physics Dept.*, 1:20-cv-00030-NT, he should be cautioned that filing further groundless and inappropriate pleadings could result in the Court imposing filing restrictions such as requiring him to obtain advance approval from a District Judge before filing a case by showing that his proposed pleading is "sufficiently plain and definite to satisfy [Fed. R. Civ. P.] 8 and to warrant a response." *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980).

## IV. Conclusion

For the foregoing reasons, I recommend that the Court **DISMISS** Norton's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). I also recommend that the Court

warn Norton that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993).

## *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: September 22, 2022

/s/ Karen Frink Wolf
United States Magistrate Judge

5